IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOG RIVER MARINA and BOAT WORKS, INC. | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CASE NO. 20-CV-529<br>Admiralty Rule 9(h) |
| M/V TUNNEL VISION, *in rem*, her engines, tackle, apparel, et al., | ) ) ) ) | |
| v. | ) ) | |
| BIG WAVE LLC, and JAY LAMPLAND, *in personam*, | ) ) ) | |
| Defendants | ) | |

## **MEMORANDUM OPINON AND ORDER**

Pending before the Court is the Amended Motion for Default Judgment (Doc. 37) filed by Plaintiff Dog River Marina and Boat Works, Inc. ("Dog River"). Having fully considered Dog River's position, its motion and all attachments (including affidavits) thereto, the Court finds the Amended Motion for Default Judgment is due to be **GRANTED** as to its claim for $74,261.07.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff's Amended Complaint asserts claims against Defendants Big Wave LLC and Jay Lampland, as well as *in rem* claims against the M/V TUNNEL VISION (the "Vessel"). The Vessel is presently under seizure and Dog River is serving as substitute custodian at the direction of this Court. In response to Dog River's motion, the Clerk entered Default in this matter on April 19, 2022 (Doc. 29) pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, and this Court (on June 16, 2022) set this matter for Evidentiary Hearing on August 3, 2022 (allowing ample time for

Defendants to arrange to appear) and directed the Clerk to serve a copy of its Order setting this matter for hearing on Defendants by regular and certified mail. Counsel and a corporate representative of Dog River appeared at the hearing, though no counsel or other representative of any Defendant appeared for the hearing. Dog River filed a Motion to Allow Publication of Notice of Action Against and Arrest of Vessel and the Court granted the same on August 22, 2022. Doc. 35. Thereafter, Dog River published the Notice of Action and Arrest of the Vessel in the *Lagniappe* and *Mobile Press-Register* on September 7, 2022, September 14, 2022, and September 21, 2022, and filed proof of such publication with the Court. Doc. 36. The deadline for filing claims against the Vessel ran on October 5, 2022. No claims were filed.

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure establish a two-part process for obtaining a default judgment. FED. R. CIV. P. 55. If "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" the clerk of court "must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default. FED. R. CIV. P. 55(b)(1). In all other circumstances, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Also, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c).

The Court of Appeals for the Eleventh Circuit has held that although "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. The defendant, however, is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) citations and internal quotations omitted). Moreover, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis omitted). Therefore, [Plaintiff] must establish a "prima facie liability case" against the defendants. *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004) (citations omitted).

Also, when assessing default judgment damages, the Court has "an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser*

> *Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007). Therefore, when ruling on a motion for default judgment, the Court must determine whether there is a sufficient factual basis in the complaint upon which a judgment may be entered. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

*Gray Cas. & Sur. Co. v. McConnell Contracting, LLC*, Civ. Act. No. 11-0184-KD-N, 2012 U.S. Dist. LEXIS 48220, at *8-10, 2012 WL 1145186, at *3-4 (S.D. Ala. Apr. 5, 2012).

### III. DISCUSSION AND ANALYSIS

At the hearing on August 3, 2022, the Court found the facts sufficient to warrant default judgment against the Defendants. Defendants had ample time to appear or file a response in this matter. Plaintiff initially filed an amended motion for entry of default and default judgment on March 21, 2022 (Doc. 27). On June 16, 2022, the Court set this matter for a hearing on August 3, 2022. Despite ample time for Defendants to arrange to appear, no counsel or other representative of any Defendant appeared for the hearing. After the hearing, it was discovered that publication to notify other potential claimants had not yet occurred. Dog River remedied this issue by publishing the Notice of Action and Arrest of the Vessel in the *Lagniappe* and *Mobile Press-Register* on September 7, 2022, September 14, 2022, and September 21, 2022. *See* Docs. 35 and 36. The 14-day deadline to for filing claims against the Vessel ran on October 5, 2022 and no claims were filed. Defendants have yet to appear in this matter or respond to Plaintiff's motion for default judgment. The Court finds that no additional hearing is necessary. Accordingly, Plaintiff's Amended Motion for Default Judgment will be granted.

### IV. CONCLUSION

Having fully considered Dog River's position, its motion and all attachments (including affidavits) thereto, the Court hereby awards judgment in favor of the Plaintiff and against the Defendants in the current amount of $44,753.43 (for storage fees and associated charges through

September 30, 2022), plus interest in the amount of $11,499.34, plus attorneys' fees in the amount of $18,008.30, for a total of $74,261.07. Inasmuch as Plaintiff has advised that it will be requesting Court approval regarding the anticipated sale of the Vessel, this Court retains jurisdiction to address that issue and any additional fees and expenses incurred by Plaintiff in relation thereto.

**DONE** and **ORDERED** this 7th day of October, 2022

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE